UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| CASTLEMORTON WIRELESS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:20-cv-00029-ADA |
| | § | |
| BOSE CORPORATION, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## JOINT NOTICE TO THE COURT PURSUANT TO 28 U.S.C. §455

### Statement by Defendant Bose Corporation

In accordance with its ethical obligations, Defendant Bose Corporation ("Bose") respectfully notifies the Court of His Honor's prior representation of Bose in four cases in the Eastern District of Texas while His Honor was in private practice:

| Case Caption | Civil Action No. | Court |
|---|---|---|
| *Freeny et al v. Bose Corporation* | 2:16-cv-00668 | E.D. Tex. |
| *Freeny et al v. Aliphcom d/b/a Jawbone* | 2:16-cv-00674 | E.D. Tex. |
| *Pico Byte Systems, LLC v. Acer America Corp.* | 6:16-cv-00937 | E.D. Tex. |
| *Pico Byte Systems, LLC v. Bose Corporation* | 6:16-cv-00941 | E.D. Tex. |

Attached are copies of the dockets (Exhibits A-D) for each of the cases identified above.

Bose notes that two of the cases in which His Honor represented Bose (*Freeny et al. v. Bose Corporation*, Civil No. 2:16-cv-00668, consolidated with lead case *Freeny et al v. Aliphcom*

*d/b/a Jawbone*, Civil No. 2:16-cv-00674) involved infringement allegations against Bose's Wi-Fi enabled products, including Bose SoundTouch 10, SoundTouch 20, SoundTouch 30, SoundTouch SA-5 amplifier, and Wave SoundTouch music system, which are also accused of infringement in this case by Plaintiff Castlemorton Wireless, LLC. *See* Complaint at ¶¶ 56-60. Also, Bose notes that it filed a motion in the *Freeny* cases to transfer the action to the District of Massachusetts (Your Honor is listed on the signature block for Bose), and Bose is also seeking a transfer to the District of Massachusetts in the present case. Attached are copies of the Amended Complaint (Exhibit E) and transfer motion (Exhibit F) filed in the *Freeny* cases.

Bose has notified Plaintiff's counsel of these matters. Bose respectfully brings this information to the Court's attention so that the Court can independently assess any impact on the present case pursuant to 28 U.S.C. 455(a).

### Statement by Plaintiff Castlemorton Wireless, LLC

Castlemorton is confident Judge Albright will preside over this case impartially and recusal under 28 U.S.C. § 455 is unwarranted, harms judicial efficiency, and prejudices Castlemorton Wireless, LLC ("Castlemorton").

The text of 28 U.S.C. § 455 makes clear that § 455 does not preclude a judge from presiding over a case where he or his former law firm served as counsel to one of the parties in unrelated cases. *See* 28 U.S.C. § 455(b)(1) (disqualification based on "personal knowledge of disputed evidentiary facts"); *id.* at § 455(b)(2) (requiring disqualification where the judge "served as lawyer in the matter in controversy"); *see also Nat'l Auto Brokers v. Gen. Motors Corp.*, 572 F.2d 953, 958 (2d Cir. 1978) ("[The] prior representation of a party by a judge or his firm with regard to a matter unrelated to litigation before him does not automatically require recusal.").

Recusal is unnecessary as Judge Albright never served as counsel in any matter relating to Castlemorton nor U.S. Patent No. 7,835,421 (the patent-in-suit here).  The prior cases identified above, where Judge Albright served as counsel, terminated years ago.  Castlemorton is confident this Court can rule on Bose's anticipated transfer motion without bias.  Further, the motion to transfer filed several years ago in *Freeny v. Bose* involved a transfer out of the Eastern District of Texas, not the Western District of Texas.  As the transfer analysis under 28 U.S.C. § 1404 is highly case-specific and fact-specific, the prior motion in the *Freeny* case provides no reason to question this Court's impartiality.

Castlemorton is concerned recusal here would harm judicial economy and the interests of justice.  Currently pending before this Court are 12 related cases involving similar technology and the same patent-in-suit.  Reassigning this case to another Court in this district would result in an additional judge presiding over Castlemorton's claims in addition to this Court, which will waste limited judicial resources and increase the risk of inconsistent judgments.

Dated: March 30, 2020

| Respectfully Submitted, | Respectfully Submitted, |
|---|---|
| */s/ Daniel P. Hipskind (by permission)* | */s/ Jeremy P. Oczek* |
| S. Calvin Capshaw<br>State Bar No. 03783900<br>Elizabeth L. DeRieux<br>State Bar No. 05770585<br>Capshaw DeRieux, LLP<br>114 E. Commerce Ave.<br>Gladewater, TX 75647<br>Telephone: (903)235-2833<br>Email: ccapshaw@capshawlaw.com<br>Email: ederieux@capshawlaw.com<br><br>Dorian S. Berger (CA SB No. 264424)<br>Daniel P. Hipskind (CA SB No. 266763)<br>BERGER & HIPSKIND LLP<br>9538 Brighton Way, Ste. 320<br>Beverly Hills, CA 90210<br>Telephone: 323-886-3430<br>Facsimile: 323-978-5508<br>E-mail: dsb@bergerhipskind.com<br>E-mail: dph@bergerhipskind.com<br><br>*Attorneys for Castlemorton Wireless, LLC* | Stacey V. Reese<br>TX BAR NO. 24056188<br>STACEY V. REESE LAW PLLC<br>910 West Avenue, Suite 15<br>Austin, Texas 78701<br>(512) 535-0742 – Telephone<br>(512) 233-5917 – Facsimile<br>Email: stacey@staceyreese.law<br><br>Jeremy P. Oczek (admitted *pro hac vice*)<br>NY BAR NO. 4425930 / MA BAR NO. 647509<br>BOND, SCHOENECK & KING, PLLC<br>200 Delaware Avenue, Suite 900<br>Buffalo, NY 14202-2107<br>(716) 416-7037 –Telephone<br>(716) 416-7337 – Facsimile<br>Email: jpoczek@bsk.com<br><br>*Attorneys for Bose Corporation* |

## CERTIFICATE OF SERVICE

I certify that all counsel of record, who are deemed to have consented to electronic service are being served March 30, 2020, with a copy of this document via the Court's CM/ECF system.

*/s/ Jeremy P. Oczek*
Jeremy P. Oczek